Paul W. Waggoner
Alaska Bar No. 7705070
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
pwaggoner@richmondquinn.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARY CLIVE SCHADE,<br><br>   Plaintiff,<br><br> v.<br><br>LAWRENCE LAWSON and MIDNIGHT SUN ONCOLOGY, INC. an Alaskan Corporation,<br><br>   Defendants. | Case No. 3:14-cv-_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Gary Clive Shade ("Schade"), by and through his attorneys, states his complaint for declaratory and injunctive relief against Defendants Lawrence Lawson and Midnight Sun Oncology, Inc. ("Defendants") as follows:

Complaint for Declaratory Judgment and Injunctive Relief
Lawson and Midnight Sun Oncology v. Schade, 3:14-cv-_____
Page 1 of 6

## INTRODUCTION

1. Schade seeks declaratory and preliminary and permanent injunctive relief to preclude Defendants from pursuing an arbitration proceeding they have filed against Schade before the Financial Industry Regulatory Authority ("FINRA") because the 423(i) [renumber 423(e)(3)] Defined Benefit Pension Plan involved in this dispute is insurance, not a "security," and not subject to FINRA jurisdiction. Defendants should be enjoined from pursuing the arbitration because there is no agreement to arbitrate insurance business disputes between Schade and the Defendants and because Defendants' claims are not subject to mandatory arbitration under FINRA rules.

## PARTIES

2. Schade, an Alaska resident, is a broker for New York Life.

3. Upon information and belief, Lawrence Lawson is an Alaska resident.

4. Midnight Sun Oncology is an Alaska corporation.

## JURISDICTION AND VENUE

5. The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Arbitration Act, 9 U.S.C. § 4, the arbitrators are acting in excess of their powers, the insurance products in this case are not "securities' as defined in the 1934 Securities Act, and the amount in controversy is over $800,000.

Complaint for Declaratory Judgment and Injunctive Relief
Lawson and Midnight Sun Oncology v. Schade, 3:14-cv-_____
Page 2 of 6

6. The Court has personal jurisdiction over Defendants because all Defendants are Alaska residents.

7. Venue is proper under 28 U.S.C. § 1391 because all Defendants reside within this judicial district.

## GENERAL ALLEGATIONS

8. Defendants initiated an arbitration proceeding on or about June 2, 2014 against Schade before FINRA entitled <u>Lawrence Larson and Midnight Sun Oncology, Inc. v. Gary Clive Schade</u>, (FINRA Case No. 14-01814) (the "FINRA Arbitration"). FINRA has decided that the arbitration will be held in Anchorage. Without admitting or incorporating any of the allegations therein, Schade hereby attaches a true and correct copy of the Amended Statement of Claim defendants filed in the FINRA Arbitration as Exhibit A. The Amended Statement of Claim was served on Schade on or about August 6, 2014. Attached is a true and correct copy of the Answer of Gary Clive Schade filed in the FINRA Arbitration as Exhibit B.

9. Defendants assert the following claims against Schade in the FINRA Arbitration: (1) fraudulent concealment; (2) fraudulent misrepresentation; (3) breach of fiduciary duty; (4) negligent misrepresentation; and (5) negligence.

10. All of defendants' claims in the FINRA Arbitration relate to their purchase of a 412(i) defined benefit pension plan, also known as a 412(e)(3) defined benefit pension plan. The plan providers were New York Life Insurance Company

Complaint for Declaratory Judgment and Injunctive Relief
Lawson and Midnight Sun Oncology v. Schade, 3:14-cv-_____
Page 3 of 6

Case 3:14-cv-00196-TMB   Document 1   Filed 10/08/14   Page 3 of 6

and its wholly owned subsidiary, New York Life Insurance and Annuity Corporation ("NY Life").

11. Pursuant to Federal Law, a 412(i) defined benefit pension plan may only be funded with whole life insurance and fixed deferred annuities, and accordingly does not involve a security. The 412(i) defined benefit pension plan is an insurance product sold in the insurance business.

12. Defendants have no agreement with Schade to arbitrate matters that do not involve a security. The products in dispute in this case were not securities, and a security license was not required to sell them.

13. All of defendants' claims in the FINRA Arbitration relate to their purchase of the 412(i) defined benefit pension plan, which is an insurance product that has substantial tax benefits. FINRA does not have jurisdiction to arbitrate insurance products. The dispute in this FINRA Arbitration involves the insurance business activities of Schade and NY Life. NY Life is an insurance company. As such, FINRA does not have jurisdiction over this dispute.

## COUNT 1 – DECLARATORY JUDGMENT

14. Schade repeats and re-alleges the allegations in paragraphs 1 through 13 as if fully set forth herein.

15. FINRA lacks jurisdiction over the claims at issue in the FINRA Arbitration and Schade lacks any obligation to arbitrate.

Complaint for Declaratory Judgment and Injunctive Relief
Lawson and Midnight Sun Oncology v. Schade, 3:14-cv-_____
Page 4 of 6

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

16. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy.

17. Schade requests a declaratory judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Schade has no obligation to arbitrate Defendants' claims and that FINRA lacks jurisdiction over the dispute.

## COUNT II – INJUNCTIVE RELIEF

18. Schade repeats and re-alleges the allegations in paragraphs 1 through 17 as if fully set forth herein.

19. Schade will suffer immediate and irreparable harm if he is forced to arbitrate claims he did not agree to arbitrate.

20. Schade has a likelihood of success on the merits in that Schade has no obligation to arbitrate the claims asserted against him by the Defendants in the FINRA Arbitration, as there is no arbitration agreement between Schade and the Defendants, and the dispute involves the insurance business activities of a FINRA member.

21. Schade has no adequate remedy at law.

22. Schade is entitled to preliminary and permanent injunctive relief enjoining Defendants from prosecuting their claims against Schade in the FINRA Arbitration.

Complaint for Declaratory Judgment and Injunctive Relief
Lawson and Midnight Sun Oncology v. Schade, 3:14-cv-_____
Page 5 of 6

## PRAYER FOR RELIEF

WHEREFORE, Schade respectfully requests:

(1) Entry of a declaratory judgment that Schade has no obligation to arbitrate the FINRA Arbitration initiated by Defendants and that FINRA lacks jurisdiction over the dispute;

(2) Entry of orders preliminarily and permanently enjoining Defendants from prosecuting their claims against Schade in the FINRA Arbitration;

(3) For such costs and attorney's fees as are permitted by law or equity; and

(4) Such other and further relief as the Court considers fair, just and proper.

DATED this 7th day of October, 2014.

RICHMOND & QUINN

By /s/ Paul W. Waggoner
Alaska Bar No. 7705070
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
pwaggoner@richmondquinn.com
Attorney for Plaintiff

I:\2073\093\PLD\USDC\COMPLAINT.doc

Complaint for Declaratory Judgment and Injunctive Relief
Lawson and Midnight Sun Oncology v. Schade, 3:14-cv-_____
Page 6 of 6

Case 3:14-cv-00196-TMB   Document 1   Filed 10/08/14   Page 6 of 6